## The London Guarantee & Accident Company, Appellee, v. American Cereal Company, Appellant.

### Gen. No. 15,159.

1. INSURANCE—*casualty policy construed.* *Held,* under the terms of the policy in question in this case, that it only covered such loss as an owner might sustain despite his having let the contract for erection to an independent contractor, either because, though not liable, he may nevertheless be made a party to an action, or because the circumstances of the accident might be such as to create a liability of an owner as well as of the independent contractor.

2. ESTOPPEL—*what essential to establish.* In order to establish an estoppel at law, a showing of damage must be made.

3. EVIDENCE—*when testimony of deceased witness competent.* The testimony of a deceased witness is competent in a subsequent action although the parties to the two actions are not the same if the issues are the same and the party against whom the evidence is offered had by representation the opportunity for cross-examination.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 3, 1911.

JONES, ADDINGTON & AMES, for appellant.

F. J. CANTY and R. J. FOLONIE, for appellee.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

Defendant for a premium of $50 caused plaintiff to

**538** APPELLATE COURTS OF ILLINOIS.

The London G. & A. Co. v. American Cereal Co., 159 Ill. App. 537.

issue to it a casualty indemnity contract "against loss arising solely from his contingent liability as General Contractor or owner, from common law or any statute, for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered by any person or persons during the construction of the building described in the schedule hereinafter given, and resulting from the negligence of any Contractor or Sub-contractor engaged in the construction of said building, subject to the following Special and General Agreements, which are to be construed as co-ordinate, as conditions."

The policy contained under the title of Special Agreements the following clause:

"B. If the assured is the owner of the building mentioned in schedule, it agrees that all the work of constructing the same is to be done by contract, at the risk of the Contractor or Contractors, and that the Assured has not and will not, by contract or otherwise, voluntarily assume any liability for loss on account of bodily injuries suffered by any person or persons by reason of the negligence of any Contractor or Sub-contractor. If the Assured is the general contractor for said building, it is agreed that he will, until the expiry of this policy, carry insurance in this Company under its Employer's Liability and Public Liabilities forms, covering loss from liability for injuries resulting from his own negligence; and that he has not and will not, by contract or otherwise, voluntarily assume any liability for loss on account of bodily injuries suffered by any person or persons by reason of the negligence of any sub-contractor."

The mill was constructed but in the course of construction an accident occurred to a stranger both to the defendant and to the contractor in charge of the erection of the mill, A. H. Connor & Company. That accident resulted in death and was followed by an action instituted in Iowa, originally against the City of Cedar Rapids, finally against the American Cereal Company and A. H. Connor & Company. This action resulted in several trials and in as many appeals, in

the last of which the Supreme Court of Iowa directed a new trial as against this defendant. Immediately upon this defendant being made a party defendant to the action in question, it notified this plaintiff to defend against it. Plaintiff assumed such defense and took full charge and control of the litigation upon the part of the Cereal Company, until just prior to the argument of the motion for a new trial in the second trial of such action, when it notified the Cereal Company that it was not liable on account of such action, either for any damages which might be awarded or for the expenses and cost of defense. Notwithstanding the protest of the Cereal Company, the Accident Company withdrew from the defense of such action and from that time on in nowise participated therein. The Cereal Company proceeded with an appeal from the judgment which was rendered against it, and reversed such judgment. Thereupon this action was brought to recover the costs and expenses incurred in the defense based upon the alleged fraud of defendant in representing that the work was being done through the agency solely of an "independent contractor" whereas, in fact, it employed its own servants and agents to that end.

All of the witnesses, except one, who knew of the terms and conditions of the contract between the Cereal Company and Connor & Company had died prior to the trial of this cause. The plaintiff herein relied for proof of the contract on testimony given by the witnesses at the trials of the action in Iowa, who have since died.

The contentions of the appellant upon this record are:

First. That even though A. H. Connor & Company were not independent contractors within the meaning of the law and the policy in question, yet that such policy was broad enough to cover and assure the American Cereal Company from the casualty which resulted.

Second. That the depositions of the deceased wit-

540     APPELLATE COURTS OF ILLINOIS.

The London G. & A. Co. v. American Cereal Co., 159 Ill. App. 537.

nesses given in the action in Iowa hereinbefore referred to, were incompetent in this action as against the American Cereal Company.

Third. That A. H. Connor & Company were independent contractors.

1st. It is conceded by appellant that without clause B, the policy would not protect defendant against claims, unless Connor & Company had been independent contractors. It is contended, however, that the last part of clause B, forbidding the assured to assume liability for a loss suffered by any person, has reference to such assumption after an accident, because the word "suffered" is in the past tense.

We cannot assent to this argument. The language of the policy clearly shows that it covers only the loss which an owner might sustain despite his letting the contract to an independent contractor, either because, though not liable, he may nevertheless be made a party to an action, or because the circumstances of the accident might be such as create a liability of an owner as well as of the independent contractor.

No estoppel can arise in this case against appellee, because, on notification of the injury, it stated that it would protect defendant's interests. If as it alleges, it was fraudulently induced to undertake the defense, it had a clear legal right to withdraw when it discovered the fraud; in any event, the prerequisite to a claim or defense based on estoppel, a showing that damages have been suffered by this defendant, either because the Guaranty Company undertook the defense, or because it withdrew from the case, is utterly lacking.

2nd. The second contention of appellant presents an interesting question in the law of evidence,— whether the testimony of a deceased witness given at the trial in Iowa in a suit brought by the administrator of the man who was injured against the present defendant is admissible in this action.

It is not, and under the authorities it could not be contended that the oral testimony of a witness brought

forward by a party in a trial is to be deemed an admission by such party of the truth of all facts testified to by such witness so as to make it competent evidence in any subsequent proceeding by any third party as against the party presenting the witness.

But it is contended that under the same exception to the hearsay evidence rule, which permits the testimony of a deceased witness given at one trial to be introduced on a second trial between the same parties on the same issues, the evidence in this case is competent.

As Mr. Wigmore points out in his invaluable work, 2 Wigmore on Evidence, secs. 1386-7 and 8, the parties and the issues need be only substantially the same; the essential thing is that the party against whom the testimony is now offered should either have presented it himself or have had the opportunity of cross examining in respect to it at the former trial, and that the issues now raised should have been included in the issues raised in the former case.

The plaintiff in the Iowa case contended that Connor & Company were not independent contractors; the Cereal Company through the Guaranty Company, which though not a party to that case, nevertheless because of its contingent liability and obligation to defend under a possible state of the facts, was actually in charge of the defense, contended that Connor & Company were independent contractors. In any subsequent proceeding between the parties to that case or between one of the parties and any one standing in privity to the other party, the testimony of a deceased witness bearing on this issue would therefore be admissible.

But the present proceeding is not between the then plaintiff and either the Cereal Company or one clearly privy in interest to it, the Guaranty Company; it is between the then defendant, the Cereal Company, and the Guaranty Company; between a party to that record and one privy in interest, not to its opponent, but to it.

Does the rule apply under such circumstances?

If in this case, the Guaranty Company had refused, after notice, to defend the damage suit on the ground that Connor & Company were not independent contractors, and the Cereal Company, after a final victory therein on a finding by the jury that Connor & Company were independent contractors, had sued the Guaranty Company on the bond for its expenses incurred in defending the suit, the judgment rendered in the damage case would be conclusive, and the pleadings, verdict and testimony would be admissible for the purpose of showing that the very issue therein involved and determined was the question sought to be litigated anew; that is whether or not Connor & Company were independent contractors. Washington Gas Co. v. District of Col., 161 U. S. 316. And conversely, if, despite a judgment against the Cereal Company on this issue in such a damage suit, it had sued the Guaranty Company for indemnity, that judgment would be conclusive against it in its suit against the Guaranty Company. Tool Company v. Casualty Company, 161 Fed. R. 709.

If, as these cases hold, both parties would be bound by the judgment, even though the Guaranty Company had declined on notice to undertake the defense, *a fortiori,* they would be bound thereby if, as in the present case, the Guaranty Company did undertake the defense.

But there never was a final determination or any final judgment on the issue as to whether Connor & Company were independent contractors, in the Iowa courts, because the Supreme Court of Iowa, while affirming the verdict of not guilty as to Connor & Company, reversed the verdict of guilty as to the Cereal Company and remanded the cause.

The exact question before us therefore, is not whether a judgment against the Cereal Company based on a finding that Connor & Company were not independent contractors, would enable plaintiff to recover in this case; but whether testimony of deceased wit-

nesses introduced on that issue in the Iowa trials can be used on the same issue in this proceeding, for the purpose of establishing the facts necessary to sustain the present plaintiff's case.

In the absence of fraud on the part of the Guaranty Company in the conduct of the defense in Iowa—and there is no evidence or charge thereof—both the Guaranty Company, and the Cereal Company through the Guaranty Company acting for it, had full opportunity to sift the testimony of the now deceased witnesses in those trials, to examine and, if they appeared hostile, to cross-examine their own witnesses as well as those of their opponent. The fact that under the terms of the policy the Cereal Company agreed not to "interfere * * * in any legal proceeding without the consent of the Company previously given in writing," does not make it any the less the real party to the Iowa litigation or permit it now to urge, in the absence of a charge of fraud or bad faith by the Guaranty Company, that it did not actually, through its agents and attorneys, fully participate in the Iowa trials with full opportunity for examination and cross-examination of witnesses. It is true that at that time the Guaranty Company and the Cereal Company were not in a position adverse to one another; the exception, however, to the hearsay evidence rule, which permits the testimony of a deceased witness to be read at a later trial, while ordinarily applied only in controversies between the same adverse parties or their privies, is based, not on the fact of their adverse positions, but on the fact that it was given in a legal proceeding to which they were both party or privy and in which both had full opportunity to sift the truth of the witnesses' statements. Moreover, such testimony, unlike a judgment, is not conclusive and binding on the parties; it has only the same force that the same testimony given again by the same witnesses, if living, would have. In District of

Columbia v. Washington Gas Company, 20 D. C. 39, the court held such evidence admissible. At p. 51 it said: ''We think that such evidence is admissible in what is called 'an action over' on the ground that having received notice of the trial of the original action, and having had the opportunity to take part in that defense and to cross-examine the witnesses, he is not a stranger to such former action. When the law has afforded to such a party the same opportunities and guaranties for securing the truth which it affords to a party to the record, it regards him as having in that respect the status of a party. Mr. Greenleaf, whose explanation of the principle was commended by the Supreme Court in Lovejoy v. Murray, 3 Wallace 18, describes him as a party in the larger sense. Of course it is not necessary that there should have been an actual cross-examination if the opportunity was afforded. * * * The subject-matter of the former evidence was common to the District and itself, and their opportunities for truth and guaranties against mistake or falsehood were the same. We think that every condition was satisfied which should make the evidence of the deceased witness at the former trial competent evidence against the defendant in the 'action over.' '' See also Morehouse v. Morehouse, 17 Abb. (N. C.) 407.

The Supreme Court of the U. S. on appeal affirmed the decision of the lower court in the Gas Co. case (*supra*) on the ground that the judgment against the District was conclusive upon the Gas Co. in the action over. It held, however, without citation of authority, and solely upon the general principle of *res inter alios acta,* that while the testimony of a deceased witness in the suit against the District could be introduced for the purpose of proving what the issues were that had therein been determined, nevertheless under the principle of *res inter alios acta,* it could not be admitted as proof of the truth of the facts testified to. In view of

CHICAGO—FIRST DISTRICT—FEBRUARY, 1911. 545

The London G. & A. Co. v. American Cereal Co., 159 Ill. App. 537.

its ultimate conclusions, however, it held the error of the lower court to be immaterial. Whatever may be our opinion on this proposition as applied to the facts in that case, we cannot hold that the conclusions of the Supreme Court are applicable to the present case. An important difference, in view of the reason given by the Supreme Court, is found in this, that the Guaranty Company did, on notice, participate in the Iowa trials, whereas the Gas Co. refused to participate in the suit against the District of Columbia.

If, then, for the reasons and on the authorities hereinabove stated, a judgment for or against one holding an indemnity bond, based on the testimony of a now deceased witness, would be conclusive either as against or in favor of a party liable over, to whom due notice of the first action had been given, so far as the issues raised in the later proceeding are shown to have been determined in the earlier one, we are of the opinion that testimony given in the first suit is, after the witness' death, properly admissible in the second suit to prove the truth of the facts testified to, at least when both the claimant and the party liable over actually participated in and had full opportunity of examination and cross-examination in the original action.

3rd. Without detailing the evidence, including that of the deceased witnesses, we are of the opinion that neither under Illinois nor under Iowa law were Connor & Company independent contractors.

*Affirmed.*